IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DAVID A. CARRERO SANTANA et al**
    **Plaintiffs**

                                                                Civil No. 97-1912 (PG)

v.

**HOSPITAL MATILDE BRENES et al**
    **Defendants**

## ORDER

### I. Introduction

On February 11, 2000, defendants filed a motion for a protective order (**Docket No. 69**). Thereafter, on February 14, 2000, plaintiffs filed an opposition thereto (**Docket No. 70**). On March 29, 2000, the matter was referred for resolution (**Docket No. 74**). After careful review of the pleadings, and the applicable rules of law, defendants' motion is **DENIED**.

### II. Findings of Fact and Conclusions of Law

This case concerns the November 29, 1996, death of Irmarie Carrero Mercado in Bayamón, Puerto Rico.[1] Irmarie died while receiving emergency medical treatment. Plaintiffs have designated Dr. Ira Mehlman, an expert in the field of Emergency Medicine, as an expert witness on their behalf (**Docket No. 69**). Defendants wish to depose this expert witness[2] (*id.*).

---

[1] The events leading up to her death are fully described in Judge Pérez-Giménez' ruling on defendants' motion for summary judgment (**Docket No. 57**).

[2] In their motion for protective order, defendants state that the deposition is scheduled to take place on February 29, 2000 (**Docket No. 69**). It is not clear whether the deposition has, in fact, already been taken.

Civil No. 97-1912(PG)                                                                                          Page No. 2

The record reflects that on January 3, 2000, via facsimile, defendants were informed that Dr. Mehlman's fee were $350 an hour if the deposition was to take place in his home town of Washington, D.C., or $3,000 a day if the deposition was to take place in Puerto Rico (**Docket No. 70**). Defendants opted to conduct the deposition in Puerto Rico, agreed with the date proposed by plaintiffs, but on January 21, 2000, complained that the $3,000 fee was "excessive, exaggerated, and an undue expense" (**Docket No. 69**). We perceive no grounds for relief.

Federal Rule of Civil Procedure 26(b)(4)(C) provides that, in a civil lawsuit, the party seeking discovery from an expert witness shall "pay the expert a reasonable fee for time spent in responding to discovery." However, Rule 26 also provides that "on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed.R.Civ.P.* 26(c). Thus, Federal District Courts are required to uphold reasonable fees charged by expert witness, and to strike down grossly excessive fees. For the reasons stated below, we find the expert's fees to be reasonable.

In reaching this conclusion, we note that defendants were given two options: (1) to conduct the deposition in Washington, D.C., in which case Dr. Mehlman's fee would be $350 an hour; or (2) to conduct the deposition in Puerto Rico, in which case Dr. Mehlman would charge a flat fee of $3,000 a day (plus travel and lodging expenses) (**Docket No. 70**). There can be little doubt that, for an expert of Dr. Mehlman's experience and stature[3], the

---

[3] Dr. Mehlman's *curriculum vitae* reflects that, in addition to serving as the Chief of a hospital Emergency Medicine Department for more than 10 years, he has taught medicine at a

AO 72A
(Rev.8/82)

Civil No. 97-1912(PG)                                       Page No. 3

$350 hourly rate would have constituted a "reasonable fee". *See Haarhuis v. Kunnan Enterprises, Ltd.*, 177 F.3d 1007, 1015 (D.C. Cir. 1999) (district court did not err in finding that doctor's $300 per hour fee was reasonable); *Hose v. Chicago and North Western Transportation Co.*, 154 F.R.D. 222, 226 (S.D. Iowa 1994) (finding that, for deposition testimony of doctor, "$400.00 per hour is a 'reasonable' fee"); *Domínguez v. Syntex Laboratories, Inc.*, 149 F.R.D. 166 (S.D. Ind. 1993) ("a reasonable fee for Dr. Hirsch is $341.50 per hour for eight (8) hours of deposition time given in this case").

However, defendants have opted forego the option of deposing Dr. Mehlman in his home town. In doing so, they have saved themselves the expense of flying several attorneys to Washington, D.C., but have also imposed upon Dr. Mehlman the burden of traveling thousands of miles from his home, while not being able to take care of daily professional affairs. We cannot say that this additional inconvenience does not entitle Dr. Mehlman to some additional compensation.

More so, defendants have failed in their motion for protective order or otherwise to demonstrate that the $3,000 fee charged by Dr. Mehlman is higher than the deposition fee charged by comparable expert medical witnesses who travel to Puerto Rico from the continental United States or to the expert fees charged in Puerto Rico. Finally, we note that while the $3,000 fee may appear on its face to be a massive sum, if broken down to reflect an hourly rate for an eight-hour workday, this figure would represent a reasonable hourly fee of $375 an hour. As Dr. Mehlman will undoubtedly spend at least eight hours away from

---

prestigious medical school, and has served as an escort physician for United States congressional delegations traveling overseas (**Docket No. 70**, Attachment).

Civil No. 97-1912(PG)                                                Page No. 4

home, the $3,000 figure cannot be deemed unreasonable[4]. *See Haarhuis v. Kunnan Enterprises, Ltd.*, 177 F.3d 1007, 1015 (D.C. Cir. 1999) (district court did not err in finding that expert witness "deserved to be paid [his hourly fee] portal-to-portal").

For the reasons provided above, upon due consideration of the defendants' motion for protective order, we conclude that the same must be **DENIED**.

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 26th day of April, 2000.

AIDA M. DELGADO-COLON
**U.S. Magistrate-Judge**

---

[4] We also note that defendants received Dr. Mehlman's fee schedule on January 3, 2000, but did not complain about the fee until January 21, 2000 (**Docket No. 70**, note 2).

AO 72A
(Rev.8/82)